# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **Thomas Perez, Secretary of Labor** )<br>United States Department of Labor )<br>(Wage and Hour Division) )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br> )<br>**Cajun and Grill of America, Inc. and** )<br>**Cajun and Grill of Union Station D.C.,** )<br>**Inc., d/b/a Kelly's Cajun Grill;** )<br>**T&Y Fortune, Inc.** )<br>and **Jenn Wen Twu** Individually and )<br>as President of **T&Y Fortune, Inc.** )<br> )<br> )<br>Defendants. ) | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Cajun and Grill of America, Inc. and Cajun and Grill of Union Station D.C., Inc., d/b/a Kelly's Cajun Grill, as well as T&Y Fortune, Inc. and Jenn Wen Twu ("Defendants") from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the former or current employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Cajun and Grill of America, Inc. and Defendant Cajun and Grill of Union Station D.C., Inc., d/b/a Kelly's Cajun Grill, at all times hereinafter mentioned, operated and continue to operate a place of business, specifically a restaurant, Kelly's Cajun Grill ("the Restaurant"), located at 50 Massachusetts Ave. NE, Washington, DC 20002, which is within the venue and jurisdiction of this Court.

III.

Defendant T&Y Fortune, Inc. ("T&Y Fortune") is, and at all times hereinafter mentioned was, a corporation doing business in Washington, DC. Specifically, under a management agreement entered into on January 1, 2011, Defendant T & Y Fortune manages the Restaurant located in Union Station at 50 Massachusetts Ave. NE, Washington, DC 20002, which is within the venue and jurisdiction of this Court.

IV.

Defendant Jenn Wen Twu ("Twu") is and, at all times hereinafter mentioned was, the part-owner and President of Defendant T&Y Fortune. Defendant Twu does, and at all times hereinafter mentioned did, business in Washington, D.C. as he manages the Restaurant located in Union Station at 50 Massachusetts Ave. NE, Washington, DC 20002, which is within the venue and jurisdiction of this Court.

V.

The business activities of the Defendants, as described herein, were and are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

VI.

At all times hereinafter mentioned, Defendants had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as poultry and food goods that have travelled across state lines. Further, at all times hereinafter mentioned, Defendants had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

VII.

Specifically, under a management agreement entered into on January 1, 2011, Defendant T&Y Fortune handles all management duties of the Restaurant, including hiring, employing, disciplining and firing employees working at the Restaurant. Defendant T&Y Fortune also ensures all local, state and federal employment, tax, employee benefit, wage and hour, child labor, immigration, sexual harassment and discrimination laws are complied with at the Restaurant. Accordingly, Defendant T&Y Fortune is an employer under Section 3(d) of the Act.

VIII.

Under the management agreement entered into on January 1, 2011 Defendant Twu is also involved in the daily operations of the Restaurant, including hiring and firing employees,

supervising employees, and sending weekly sales reports to the company headquarters. Defendant Twu acts, and at all times hereinafter mentioned acted, directly or indirectly in his interest and in the interest of the Defendant T&Y Fortune, in relation to the Restaurant's employees. Accordingly, Defendant Twu is an employer under Section 3(d) of the Act

IX.

1. During the period from October 2011 until May 5, 2014 (the time period covered by this Complaint), Defendants employed individuals to work at the Restaurant located in Union Station. These employees included cooks who prepared food at the Restaurant. The employees listed in the attached Schedule A ("Cooks") were employed by the Defendants as cooks during the time period covered by this Complaint. The Cooks typically worked between 57 and 63 hours per workweek during this period.

2. During the period from October 2011 until May 5, 2014, Defendants paid the Cooks a set semi-monthly salary that varied per cook. These salaries ranged from $357.66 to $499.80 per week, resulting in hourly payment ranging from $5.68 to $8.77. As such, the Defendants did not consistently compensate these Cooks in accordance with Section 6 of the Act as the majority of wages were paid at rates less than $7.25 per hour.

3. During the period from October 2011 until May 5, 2014, Defendants paid the Cooks a set semi-monthly salary for all hours worked, including those hours worked in excess of 40 in a workweek and did not compensate these Cooks in accordance with Section 7 of the Act and 29 C.F.R. 778.5 in workweeks in which an employee worked over 40 hours. Specifically, in workweeks when the Cooks worked more than 40 hours, the majority of wages were paid at a regular hourly rate of less than the Washington, D.C. minimum wage of $8.25 per hour and less than one and one half that regular rate for hours worked over forty. The amount of weekly

4

overtime payment owed to each Cook varies depending on the number of hours the Cook actually worked.

4. The Defendants exercised control over the Cooks' work, including but not limited to giving assignments to the Cooks, scheduling the Cooks, supervising the Cooks, and determining their hourly rate of pay. The services provided by the Cooks were integral to the Defendants' restaurant business.

X.

As described in Paragraph IX, above, during the period from at least October 2011 until May 5, 2014, the Defendants have violated the provisions of Sections 6 and 15(a)(2) of the Act by employing the Cooks in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the Act, by paying the Cooks wages at rates less than that required by Section 6 of the Act.

XI.

As described in Paragraph IX, above, during the period from October 2011 until May 5, 2014, the Defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act by employing the Cooks in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the Act, for workweeks longer than 40 hours without compensating such Cooks for their employment in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were and are employed.

XII.

1. The Defendants did not make or maintain records of the actual number of hours the Cooks worked each workday and each workweek.

2. The Defendants have admitted that they did not maintain records of daily or weekly hours worked for the Cooks.

3. During the period from October 2011 until May 5, 2014, Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of many of its employees' wages, hours and other conditions of their employment, as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that its records failed to show, among other things, the hours worked each day and the total hours worked each week by many of its employees.

XIII.

During the period from October 2011 until May 5, 2014, Defendants continually violated the provisions of the Act as alleged in Paragraphs IX through XII above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of minimum wage back wages or overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XIV.

As a result of the violations alleged in Paragraphs IX through XII above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Section 6 of the Act and Section 7 of the Act for the Cooks named in Schedule A attached to Plaintiff's Complaint. Additional amounts may be due to other employees employed by the Defendants working at the Restaurant in Union Station whose identities are not now known to the Plaintiff.

XV.

A judgment granting recovery of said amounts referred to in Paragraph XIV, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage back wages and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional minimum wage back wages and overtime compensation and/or liquidated damages may be owed, for the period covered by this Complaint, to certain present and former employees who were or are employed by Defendants at the Restaurant in Union Station and who are presently unknown to Plaintiff);

3. In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of minimum wage back wages or overpayment compensation found due Defendants' employees and pre-judgment interest

computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

    4.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Elizabeth Lopes Beason
Regional Counsel

BY: Pollyanna E.F. Hampton
Attorney
U.S. Department of Labor
Office of the Regional Solicitor
1100 Wilson Boulevard, 22nd Floor West
Arlington, VA 22209-2247
(202) 693-9382
hampton.polly@dol.gov

U.S. DEPARTMENT OF LABOR

## Exhibit A

1. Alonzo Ramos
2. Jorge Osmin Ramos
3. Marvin Diaz Rivera
4. Ignacio Rodriguez